FILED
November 11, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003895662

3

LISA HOLDER, CSB NO. 217752
KLEIN, DENATALE, GOLDNER,
 COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
Fax: (661) 326-0418
E-mail: lholder@kleinlaw.com

Attorneys for Vincent Gorski, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CHARLES L. SUTTON,<br><br>Debtor. | Case No. 11-13039-B-7<br><br>Chapter 7<br><br>DC No. KDG-2<br><br>**MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL REAL PROPERTY TO THIRD PARTY**<br><br>Date: December 1, 2011<br>Time: 10:00 a.m.<br>Place: U.S. Bankruptcy Court<br>1300 18th Street, Ste. A<br>Bakersfield, California<br>Judge: W. Richard Lee |

Vincent Gorski, Chapter 7 Trustee ("the Trustee"), moves the Court for an order authorizing him to sell real property, and respectfully represents:

## I. INTRODUCTION

The Trustee moves the Court for authority to sell the estate's interest in the real property located at 45926 Francis Street, Posey, CA ("the Real Property") to Santos Campo ("Buyer") for $25,000.00. The Trustee believes that the sale of the estate's interest in the real property to Buyer is in the best interest of the estate because Buyer has cash and escrow will be able to close within thirty days of approval of the sale. Additionally, the Real Property is the only asset of the estate and the Trustee will be able to complete the administration of the Chapter 7 case filed by Charles Sutton ("Debtor") once the sale is approved and escrow closes.

## II. FACTUAL BACKGROUND

Vincent Gorski is the duly appointed, qualified, and acting Trustee in the case.

The Court has jurisdiction under 28 U.S.C. Section 1334 and 11 U.S.C. Section 363. This is a core matter under 28 U.S.C. Section 157(b)(2)(A) & (N).

Debtor filed a Voluntary Petition Under Chapter 7 on March 17, 2011. Debtor listed the Real Property in his original <u>Schedule A – Real Property</u>. Debtor filed an Amendment on May 27, 2011 claiming an exemption of $7,652.73.

Debtor does not reside at the Real Property. According to Debtor's Schedules, the Real Property is owned free and clear of any liens.

Lynette Vance of Sugarloaf Mountain Realty received an offer from Buyer to purchase the Real Property for $25,000.00. The Trustee has accepted the offer and believes $25,000.00 represents the fair market value of the Real Property and the best price obtainable under the conditions of Debtor's Chapter 7 case because the property has been listed for over a year, both pre-petition by Debtor and post-petition by the Trustee, and there has been little interest in the property. However, the sale of the Real Property is subject to higher and better bids at the time of the hearing.

The Trustee and Buyer executed and entered into a *California Residential Purchase Agreement and Joint Escrow Instructions* ("Agreement"). A copy of the Agreement is attached as Exhibit "A" to the *Exhibits in Support of the Motion for Order Authorizing Trustee to Sell Real Property to Third Party* ("the Exhibits"). Buyer has deposited $1,000.00 into escrow pending the approval of the Motion.

The Trustee believes that the sale of the Real Property to Buyer is in the best interest of the estate because it will yield approximately $15,347.27 to be distributed to creditors. The Trustee's opinion regarding the amount to be available to the estate is based on the information contained in Debtor's schedules and the following calculation:

| | |
|---|---|
| Offer: | $ 25,000.00 |
| Approximate Amount of Secured Claims: | $        0.00 |
| Debtor's Exemption | $   7,652.73 |
| Approximate Cost of Sale (8% of Sales Price) | $   2,000.00 |
| **Approximate Amount to be Paid to Estate:** | **$ 15,347.27** |

35N1493.DOC

2

Although the sales price to Buyer is less than the market value amount estimated by Ms. Vance in the *Application for Order Authorizing Employment of Real Estate Broker* filed on July 10, 2011, the Trustee believes that the offer is in the best interest of the estate because of the current real estate market and the fact that the Real Property has been on the market for so long. The sale of the Real Property to Buyer allows the Trustee to finalize the administration of the estate and make a distribution to creditors.

The claims bar date has passed and two creditors filed claims totaling $61,268.42 in Debtor's case. The sale of the Real Property will generate income to make a distribution to these creditors.

### III. CONCLUSION

Wherefore, the Trustee prays for an order providing that:

1. the Motion be granted;

2. he be authorized to sell the estate's interest in the real property located at 45926 Francis Street, Posey, CA 93260 ("Real Property") to Santos Campo ("Buyer") for $25,000.00, subject to higher and better bids received at the hearing;

3. he be authorized to pay broker commissions (6%) out of escrow;

4. he be authorized to execute all documents necessary to effectuate the sale of the estate's interest in the Real Property to Buyer; and

5. for such other relief as the court determines is just and proper.

Date: November 7, 2011

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By /s/ Lisa Holder
LISA HOLDER, ESQ.
Attorneys for Vincent Gorski
Chapter 7 Trustee